IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMANDA BAILEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-11-264-JHP ) |
| PITTSBURG COUNTY SHERIFF'S DEPARTMENT, et al., | ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

Before the Court are Defendants Pittsburg County Sheriff's Department and Board of County Commissioners of Pittsburg County's Motion to Dismiss (Docket No. 5), Defendant Pittsburg County Sheriff Joel Kerns in his Official and Personal Capacities' Motion to Dismiss (Docket No. 6), Plaintiff's Response to Motion to Dismiss of Defendant Pittsburg County Sheriff Joel Kerns in his Official and Personal Capacities (Docket No. 12), Plaintiff's Response to Motion to Dismiss of Defendants Pittsburg County Sheriff's Department and Board of County Commissioners of Pittsburg County (Docket No. 11), and Defendants Board of County Commissioners for Pittsburg County, Pittsburg County Sheriff's Department and Joel Kerns, Sheriff of Pittsburg County, in his Official and Personal Capacities' Joint Reply to Plaintiff's Respective Responses to Motions to Dismiss (Docket Number 14). For the reasons set forth below Defendants' motions are **GRANTED IN PART, DENIED IN PART**.

1

**BACKGROUND**

This suit arises from an incident on or about January 3, 2010 in which Plaintiff Amanda Bailey was being held by the Pittsburg County Sheriff's Department in the Pittsburg County Jail.[1] Plaintiff claims that Pittsburg County employees' failure to provide adequate medical care for her pre-existing injury during her incarceration ultimately resulted in the amputation of her arm.[2] Plaintiff filed suit in Pittsburg County District Court on two causes of action.[3]

Plaintiff's first cause of action is a state law claim of "negligence," naming as defendants the Pittsburg County Sheriff's Department, the Board of County Commissioners of Pittsburg County, Pittsburg County Sheriff Joel Kerns, both in his official and personal capacities, and a number of unknown employees of the Pittsburg County Sheriff's Department in their personal and official capacities.[4] In the second cause of action, Plaintiff alleges violation of her civil rights by Sheriff Kerns and the "John Doe" employees under 42 U.S.C. § 1983.[5]

This case was removed from Pittsburg County District Court to the Eastern District of Oklahoma on the grounds that Plaintiff's § 1983 claims invoke this Court's original subject matter

---

[1] Plaintiff's Response to Motion to Dismiss of Defendants Pittsburg County Sheriff's Department and Board of County Commissioners of Pittsburg County (Response 2) at 1, Docket No. 11.

[2] *Id.* at 1-2.

[3] *Id.*

[4] *Id.*

[5] *Id.*

jurisdiction pursuant to 28 U.S.C. § 1331.[6] After removal, Defendants brought the instant motions to dismiss.

## DISCUSSION

The Court first looks at Defendants' motions to dismiss Plaintiff's state law negligence claim. The negligence claim is brought pursuant to the Oklahoma Governmental Tort Claims Act (OGTCA), in which the State of Oklahoma has statutorily waived sovereign immunity from suit, for itself and its subdivisions, in limited instances.[7] Plaintiff concedes that, under the OGTCA, the Pittsburg County Sheriff's Department is not a properly named defendant in any cause of action.[8] After reading the statute and relevant case law, this Court agrees, and the negligence claim against the Pittsburg County Sheriff's Department is dismissed.

Plaintiff further concedes that the OGTCA does not allow an employee acting within the scope of his employment to be named in any suit brought under the act, and therefore Sheriff Joel Kerns is also not a properly named defendant in the negligence action.[9] After review of the statute, this court agrees that the negligence claim against Sheriff Kerns is properly dismissed. Further, the "John Doe" Defendants, cited by Plaintiff as employees, are similarly exempt from being named in a tort action, and Plaintiff's negligence claim against those Defendants is also dismissed.

The only remaining defendant in the negligence cause of action is the Board of County

---

[6] *See* Notice and Petition of Removal at 2, Docket No. 2.

[7] *See* Oklahoma Governmental Tort Claims Act, OKLA. STAT. TIT. 51 §§ 151 et seq.

[8] Response 2 at 4-5, Docket No. 11(*citing* Okla. Stat. tit. 51 § 163(C)).

[9] Plaintiff's Response to Motion to Dismiss of Defendant Pittsburg County Sheriff Joel Kerns in his Official and Personal Capacities (Response 1) at 4-5, Docket No. 10 (citing Okla. Stat. tit. 51 § 163(C) ("In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as a defendant").

Commissioners of Pittsburg County (Board). Defendant contends that as a "political subdivision" it is exempt from tort liability under the OGTCA.[10]

Section 155(24) provides that "[t]he state or a political subdivision shall not be liable if a loss or claim results from ... [p]rovision, equipping, operation or maintenance of a prison, jail or correctional facility." In *Medina v. State*, the Oklahoma Supreme Court answered a certified question of law posed to it by the United States District Court for the Western District of Oklahoma, holding "that the dispensing of medicine to an inmate in a state penal institution by a state employee is a function performed *in the operation* of the institution and exempt from tort liability under [OKLA. STAT. TIT. 51 § 155(24)]."[11] Defendant claims that dispensing medical care is similarly a function within the operation of its jail, therefore Defendant, as a "political subdivision," is exempt from liability for negligence arising from dispensing or failing to dispense medical care in its jail under OKLA. STAT. TIT. 51 § 155(24).[12]

Plaintiff attempts to distinguish the dispensation of medicine in *Medina*, from the failure to adequately respond to her medical emergency.[13] Plaintiff cites *Prichard v. City of Oklahoma City* in support of her claim that § 155(24) does not exempt subdivisions from suit for negligence claims

---

[10]Defendants Pittsburg County Sheriff's Department and Board of Commissioners of Pittsburg County's Motion to Dismiss and Brief in Support (Motion 1) at 5, Document No. 5. It is uncontested that Defendant Board is a "political subdivision" under the Oklahoma Governmental Tort Claims Act ("OGTCA"), 51 O.S. § 152(8)(d).

[11]*Medina*, 1993 OK 121, ¶ 871 P.2d 1379, 1384 (emphasis added). The statute at issue in *Medina*, 51 O.S.Supp.1989, § 155(23), is now codified at OKLA. STAT. TIT. 51 § 155(24).

[12]Motion 1 at 5, Docket No. 5.

[13]Response 2 at 7, Docket No. 11.

arising from the failure to respond to medical emergencies.[14] *Prichard* involved an arrestee's claim of negligence against an arresting officer for failure to provide medical care before the arrestee was taken to jail.[15] The Oklahoma Supreme Court's determination that the City was not exempt from suit related to another exemption, § 155(6), which contemplated the "method of providing ... police ... protection."[16] Here, Plaintiff's claims stem from a lack of medical care while incarcerated, not before being incarcerated, as was at issue in *Prichard*. The *Prichard* Court specifically declined to reach the issue of exemption under § 155(24), but did note that the Oklahoma Court of Civil Appeals finding that the City was entitled to exemption under § 155(24) for any claims arising from the time the arrestee was incarcerated at the City's jail.[17] Consequently, *Prichard* does not support Plaintiff's contention that Defendant is not entitled to exemption from suit pursuant to § 152(24). Plaintiff's other support largely relies on the dissent in *Purvey v. State*, a case where an Oklahoma Supreme Court majority rejected the argument that §155(24) had been interpreted too broadly by the lower court.[18]

After review of the relevant Oklahoma case law, Defendant Board of Commissioners of Pittsburg County appears exempt under the operational exemption from suit provided by OKLA. STAT. TIT. 51 § 155(24), and the negligence claim should therefore be dismissed.

Looking to Plaintiff's 42 U.S.C. § 1983 cause of action against Sheriff Kerns and the "John

---

[14]*Id.*(*citing Prichard*, 1999 OK 5, 975 P.2d 914).

[15]*Prichard,* 1999 OK 5, ¶ 7, 975 P.2d 914, 915.

[16]*Id.* at ¶ 17, 975 P.2d at 917.

[17]*Id.* at ¶ 8 n.4, 975 P.2d 914, 915 n.4.

[18]*Purvey*, 1995 OK 103 ¶¶ 5 & 8, 905 P.2d 770, 770-71.

Doe" defendants, Defendants claim Plaintiff's Amended Petition fails to comply with Fed. R. Civ. P. 8(a)(2).[19] Defendants contend that Plaintiff's Amended Petition does not contain sufficient factual allegations to put the Defendants on fair notice of the specific acts or omissions giving rise to a claim under federal law.[20]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[21] "Even under the new 'plausibility' regime, a complaint need not provide 'specific facts' but need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'"[22]

In the instant case, Plaintiff's injuries arise from a series of omissions by jail officials, both known and unknown. Plaintiff offers a detailed account of the omissions supporting the complaint, offering specific instances when jail officials ignored her repeated requests for medical care.[23] Although Plaintiff does not specifically state that she asked Sheriff Kerns directly for medical attention, Plaintiff states that she requested aid from as of yet unknown Department employees.[24]

Plaintiff does name Sheriff Kerns as bearing ultimate responsibility for inmate medical care, and specifically claims "that he acted with deliberate indifference to her serious medical needs and

---

[19] Defendant Pittsburg County Sheriff Joel Kerns in his Official and Personal Capacities Motion to Dismiss and Brief in Support (Motion 2) at 7, Docket No. 6.

[20] *Id.*

[21] Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting* Bell Atlantic Corp. v. Twombly 550 U.S. 544, 570 (2007)).

[22] TON Services, Inc. v. Qwest Corp., 493 F.3d 1225, 1236 n.13 (10th Cir. 2007) (*relying on* Erickson v. Pardus, 551 U.S. 89 (2007)).

[23] *See* Amended Petition at 2-3, Docket No. 2-2.

[24] *Id.* at 2.

welfare by maintaining a common practice of improperly hiring, training, supervising and disciplining deputy sheriffs such that the medical needs of inmates and pretrial detainees are willfully ignored in violation of the United States Constitution."[25]

Plaintiff clearly identifies the specific acts or omissions giving rise to the § 1983 claim against Sheriff Kerns. Further, Plaintiff offers detailed claims against specific,[26] but as of yet unknown, employees of the Department. Allegations of specific omissions by Department employees may be more pointedly directed after discovery, when Plaintiff can accurately identify the employees who were on duty during her incarceration. Until that time, all remaining Defendants are on fair notice of Plaintiff's claim and the grounds upon which it rests. Defendants' motion to dismiss Plaintiff's § 1983 claim is denied.

## CONCLUSION

For the reasons set forth herein, Defendants Pittsburg County Sheriff's Department and Board of County Commissioners of Pittsburg County's Motion to Dismiss (Docket No. 5) is GRANTED. Defendant Pittsburg County Sheriff Joel Kerns in his Official and Personal Capacities' Motion to Dismiss (Docket No. 6) is GRANTED as to Plaintiff's state law negligence claim, and DENIED as to Plaintiff's 42 U.S.C § 1983 claim.

---

[25] *Id.* at 2-4.

[26] Specific inasmuch as Plaintiff's claim identifies specifically the unknown employees who were on duty at the time of her incarceration. Further information could not be gleaned by Plaintiff before discovery. *See* Response 1 at 8, Docket No. 10.

IT IS SO ORDERED this 12th day of October, 2011.

                                              James H. Payne
                                              United States District Judge
                                              Eastern District of Oklahoma